UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PATRICK OSEI,

        Plaintiff,

  v.

AURORA LOAN SERVICES;
HOMECOMINGS FINANCIAL;
LIBERTY AMERICAN MORTGAGE
CORPORATION; et al.,

        Defendants.

NO. CIV. S-09-2540 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants'[1] various motions to dismiss and to strike plaintiff Patrick Osei's ("plaintiff") first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Docket #s 21-24, 26.) On

---

[1] Moving defendants are Aurora Loan Services LLC, Mortgage Electronic Registration Systems, Inc., Pelletier Finance, Inc., dba Delta Mortgage & Real Estate, Jeffrey Alan Pelletier, Jeffrey Paul Olson, Jeffrey Bryan Delora, and Homecomings Financial, LLC.

[2] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

1

February 24 and 25, 2010, plaintiff filed oppositions to defendants' motions, in which she opposed the dismissal of her state law causes of action but agreed to the dismissal of the sole federal claim alleged against defendants pursuant to the Real Estate Settlement Procedures Act ("RESPA"). (Docket #s 28, 30, 31, 33.) Plaintiff also filed on February 24, statements of non-opposition to the motions, specifically requesting the court dismiss his RESPA claim against the moving defendants. (Docket #s 29, 32.) He separately filed on March 11, 2010, a statement indicating he did not intend to pursue any federal claims for relief against any named defendants; plaintiff's FAC alleges a RESPA and federal Truth in Lending Act ("TILA") claim against a non-moving defendant Liberty Mortgage Coporation ("Liberty"). (Docket #44)[3]

Based on plaintiff's filings, the court dismisses the RESPA and TILA claims asserted in the FAC. See, e.g. Fed. R. Civ. P. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (a defendant's filing of a motion to dismiss, pursuant to Rule 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the RESPA and TILA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for violation of the California Rosenthal Act, negligence, breach of fiduciary duty, fraud, violation of California Business and Professions Code § 17200 et seq., breach of contract, and

---

[3] To date, plaintiff has not served Liberty, and it has not joined in the motions or otherwise appeared in the action.

breach of the implied covenant of good faith and fair dealing. (FAC, filed Nov. 11, 2009.)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)). In accordance with Section 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Plaintiff's complaint is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: March 12, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE